# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-50975
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME ESPARZA-ESCOBEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-1150-1

Before GARZA, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jaime Esparza-Escobedo (Esparza) pleaded guilty to a one-count indictment charging him with illegal reentry. The district court imposed a sentence of 16 months of imprisonment, which was at the high end of Esparza's correctly calculated guidelines range.

For the first time on appeal, Esparza contends that illegal reentry guideline, U.S.S.G. § 2L1.2, is not supported by empirical evidence and that his sentence is therefore not entitled to a presumption of reasonableness. We have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

squarely rejected the proposition that an appellate presumption of reasonableness does not apply to guidelines sentences under § 2L1.2. United States v. Mondragon-Santiago, 564 F.3d 357, 366 (5th Cir. 2009). Esparza's sentence is presumptively reasonable. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Esparza also contends that his 16-month sentence of imprisonment is greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553 and, therefore, is substantively unreasonable. Esparza, noting that his prior illegal reentry conviction was used to both increase his offense level and his criminal history category, argues that his criminal history was overstated. He asserts that the sentence did not properly reflect his benign motive for returning to the United States and that the sentence did not take into account the support of his family.

We consider Esparza's argument as to the substantive reasonableness of his sentence under an abuse-of-discretion standard, taking into account the totality of the circumstances. See Gall v. United States, 128 S. Ct. 586, 597 (2007). As noted above, Esparza's sentence, which was imposed within a properly calculated guideline range, is entitled to a rebuttable presumption of reasonableness. See Alonzo, 435 F.3d at 554. After reviewing the substantive reasonableness of the sentence imposed, we hold that Esparza's appellate arguments fail to establish that his sentence was unreasonable. Accordingly, the judgment of the district court is AFFIRMED.